UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER MENZEL,<br><br>    Plaintiff,<br><br>v.<br><br>POPSUGAR INC, et al.,<br><br>    Defendants. | Case No. 16-cv-05600 NC<br><br>**ORDER ON MOTION TO DISMISS**<br><br>Re: Dkt. No. 31 |

Plaintiff Peter Menzel is a photojournalist and author who published a book, *Hungry Planet: What the World Eats*, with a compilation of Menzel's original photographs taken around the world. Menzel alleges that defendants Popsugar and Inspire52 illegally copied his photos in their online articles. Defendants allegedly receive a profit from these articles via advertisement revenues.

Menzel brings three claims against defendants: (1) copyright infringement; (2) vicarious and/or contributory copyright infringement; and (3) violations of the Digital Millenium Copyright Act ("DMCA"). Popsugar moves to dismiss only the third cause of action, arguing that Menzel has not provided sufficient facts that Menzel's photos contained copyright management information. Xoomnet, doing business as Inspire52, has not appeared in the case. The Court agrees with Popsugar and GRANTS the motion to dismiss the DMCA claim with leave to amend.

/

Case No. 16-cv-05600 NC

## I. LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). On a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the non-movant. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The Court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not allege detailed factual allegations, it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## II. DISCUSSION

Menzel's third cause of action alleges a violation of the Digital Millennium Copyright Act, 17 U.S.C. § 1202. The DMCA protects a copyright owner from intentional removal or alteration of copyright management information, and from the knowing distribution of such altered works. 17 U.S.C. § 1202(b). Copyright management information includes "(1) The title and other information identifying the work, including the information set forth on a notice of copyright; (2) The name of, and other identifying information about, the author of a work; [and] (3) The name of, and other identifying information about, the copyright owner of the work, including the information set forth in a notice of copyright." 17 U.S.C. § 1202(c).

Popsugar argues that the complaint is bereft of factual allegations that Menzel's photos contained copyright management information. The Court agrees that the complaint

contains no factual allegations as to what copyright management information Popsugar allegedly removed.  Thus, the Court GRANTS the motion to dismiss.

Menzel argues in his opposition that he "proffered images of the subject photographs with his copyright management information in the form of his name and watermark" in Exhibit B of the complaint.  Dkt. No. 36 at 4.  According to Menzel, Popsugar removed his name and watermark.  The Court finds that this information, if pled with specificity in the complaint itself, would be sufficient to plausibly allege a violation of the DMCA.  Thus, the Court grants leave to amend the complaint.

### III.  CONCLUSION

Popsugar's motion to dismiss the third cause of action is GRANTED with leave to amend.  Menzel may amend the complaint, but must do so within 14 days of this order.

**IT IS SO ORDERED.**

Dated:  December 21, 2016                 _____
                                          NATHANAEL M. COUSINS
                                          United States Magistrate Judge